# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LANCESOFT, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 10-0796 (ESH) |
| UNITED STATES CITIZENSHIP AND IMMIGRATIONS SERVICES, | ) ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION

Plaintiffs LanceSoft, Inc. ("LanceSoft") and Lakshmi Ramana Mulla ("Mulla") have sued the United States Citizenship and Immigration Services ("USCIS"), alleging that defendant acted arbitrarily and capriciously in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), by failing to explain its actions. Plaintiffs also allege that defendant has unlawfully withheld or unreasonably delayed agency action, and thus, they seek to compel such action under the APA, 5 U.S.C. § 706(1), and the Mandamus Act, 28 U.S.C. § 1361. Before the Court is defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. As explained herein, the Court will grant defendant's motion.

## BACKGROUND

The material facts of this case are not in dispute. On December 8, 2006, LanceSoft filed a Form I-140 Immigration Petition for Alien Worker with USCIS' Texas Service Center ("TSC") seeking to classify Mulla as a skilled or professional worker under section 203(b)(3) of

the Immigration and Nationality Act, 8 U.S.C. § 1153(b)(3). (Am. Compl. ¶ 7.) On August 15, 2007, TSC's Director ("Director") issued a Notice of Intent to Deny LanceSoft's petition, and three months later, having received no response from LanceSoft, denied the petition on the grounds of abandonment. (Def.'s Second Mot. to Dismiss at 2.) In response, LanceSoft filed a Form I-290B Notice of Appeal or Motion. (*Id.*) *See* 8 C.F.R. §§ 103.3(a)(2)(i), 103.5(a)(1)(iii). The form directs petitioners to identify the nature of their appellate challenge by "check[ing] one box" next to one of six statements.[1] (Def.'s First Mot. to Dismiss Ex. 2, at 1.) LanceSoft checked the box corresponding to the statement "I am filing a combined motion to reopen and reconsider a decision. My brief and/or additional evidence is attached." (*Id.*) LanceSoft explained that it had relocated from Lisle, Illinois to Herndon, Virginia, and had never received defendant's August 15, 2007 Notice of Intent to Deny. (*Id.* at 3.)

On January 3, 2008, the Director issued a notice to LanceSoft's newly identified Herndon, Virginia address stating that LanceSoft's motion to reopen would be granted on grounds that the TSC was experiencing an extensive processing backlog and may not have processed any change of address reported by LanceSoft. (*Id.* Ex. 3.) However, the notice admonished that "approval of the *petition* depends on a positive response to this Intent to Deny" and instructed LanceSoft to submit certain evidence regarding plaintiff Mulla's educational

---

[1] The six statements are: "(A) I am filing an appeal. My brief and/or additional evidence is attached; (B) I am filing an appeal. My brief and/or additional evidence will be submitted to the AAO within 30 days; (C) I am filing an appeal. No supplemental brief and/or additional evidence will be submitted; (D) I am filing a motion to reopen a decision. My brief and/or additional evidence is attached; (E) I am filing a motion to reconsider a decision. My brief and/or additional evidence is attached; and (F) I am filing a combined motion to reopen and reconsider a decision. My brief and/or additional evidence is attached." (Def.'s First Mot. to Dismiss Ex. 2, at 1.)

background to USCIS. (*Id.*) Specifically, the notice requested a "copy of beneficiary's degree(s), transcripts of credits, and evidence that his foreign degree(s) is (are) equivalent to a degree from a United States college or university." (*Id.*)

On March 5, 2008, having still not received the requested evidence, the Director again denied LanceSoft's I-140 petition on grounds of abandonment.[2] (*Id*. Ex. 5.) LanceSoft again filed a Form I-290B Notice of Appeal or Motion, this time checking the box corresponding to the statement "I am filing an appeal. My brief and/or additional evidence is attached." (*Id*. Ex. 6, at 1.) LanceSoft stated that it had never received the January 3, 2008 Notice of Intent to Deny and enclosed an affidavit from its receptionist indicating that, "[d]uring January 2008, I had a duty to open incoming mail and distribute to all departments[.] [A]s far as I can recollect, I did not open any incoming mails from USCIS Texas Service Center on Mr. Mulla's Immigration Petition." (*Id*. at 2, 14.) On these grounds, LanceSoft asked that its "[a]ppeal to the Commissioner" be accepted and its I-140 petition be reopened. (*Id.* at 2.)

The TSC Director did not issue a decision on LanceSoft's appeal, but instead forwarded it to USCIS' Administrative Appeals Office ("AAO"), which denied the appeal on November 18, 2008, stating

> As correctly noted by the director, the petitioner may not appeal a denial due to abandonment. 8 C.F.R. § 103.2(b)(15). Furthermore, a decision made as a result of a motion may be appealed to the AAO only if the original decision was appealable to the AAO. 8 C.F.R. § 103.5(a)(6). Accordingly, the AAO must reject the appeal for lack of jurisdiction. *See* 8 C.F.R. § 103.3.

(Am. Compl. ¶¶ 12-14; Def.'s Second Mot. to Dismiss at 5.)

---

[2] USCIS simultaneously reopened USCIS's January 3, 2008 grant of LanceSoft's Form I-290B and denied it in light of LanceSoft's abandonment of its I-140 petition. (Def.'s First Mot. to Dismiss Ex. 4, at 7.) However, this action was withdrawn by USCIS on September 10, 2010, such that the Form 1-290B remained granted. (*Id.* Ex. 8.)

On May 15, 2010, nearly one and a half years later, plaintiffs filed suit against USCIS. In their Amended Complaint, plaintiffs assert two claims. First, they claim that USCIS had a duty to treat their Form I-290B as a motion to reopen and render decision on it accordingly. They ask that the Court compel such agency action under the Mandamus Act, 28 U.S.C. § 1361, and the APA, 5 U.S.C. § 706(1). (Am. Compl. ¶¶ 23-27.) Second, they claim that the TSC Director acted arbitrarily and capriciously under APA § 706(2)(A) by failing to explain his decision to forward LanceSoft's appeal to the AAO rather than exercise his discretion under 8 C.F.R. § 103.3(a)(2)(iii) to treat it as a motion to reopen or reconsider and take favorable action. (*Id.* ¶¶ 14-16.)

Defendant has moved to dismiss plaintiffs' complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## ANALYSIS

### I. STANDARD OF REVIEW

#### A. Federal Rule of Civil Procedure 12(b)(1)

Federal courts have limited jurisdiction and may not presume the existence of jurisdiction in order to decide a case on other grounds. *Tuck v. Pan Am. Health Org.*, 668 F.2d 547, 549 (D.C. Cir. 1981). Instead, the party claiming subject matter jurisdiction bears the burden of demonstrating that jurisdiction exists. *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008). In ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a court may, where necessary, "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by

undisputed facts plus the court's resolution of disputed facts. *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992).

B.  **Federal Rule of Civil Procedure 12(b)(6)**

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" such that a court may "' draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). In ruling on a 12(b)(6) motion, a court may consider facts alleged in the complaint, documents attached to or incorporated in the complaint, matters of which courts may take judicial notice, and documents appended to a motion to dismiss whose authenticity is not disputed, if they are referred to in the complaint and integral to a claim. *U.S. ex rel. Folliard v. CDW Technology Services, Inc.*, 2010 WL 1541224, at *3 (D.D.C. Apr. 19, 2010).

II. **UNREASONABLE DELAY CLAIM**

Plaintiffs claim that defendant should have treated their Form I-290B as a motion to reopen and ruled on it accordingly. They seek to compel agency action under the Mandamus Act, 28 U.S.C. § 1361, which authorizes a district court to "compel an officer or employee" of an agency to "perform a duty owed to the plaintiff," and the APA, 5 U.S.C. § 706(1), which directs a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed."

In order to compel action under either statute, the Court must find that defendant owed plaintiffs a nondiscretionary or ministerial duty to act. *See, e.g.*, *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 2010 WL 3487715, at *5 (D.D.C. Sept. 7, 2010) ("The Mandamus Act

authorizes district courts to . . . compel[] federal officials to perform ministerial or non-discretionary duties."); *Friends of The Earth, Bluewater Network Div. v. U.S. Dep't of Interior*, 478 F.Supp.2d 11, 26 (D.D.C. 2007) ("[s]ection 706(1) empowers a court only to compel an agency to perform a ministerial or non-discretionary act") (quotations omitted). As the standards for obtaining relief under these statutes "are essentially the same," *Vietnam Veterans of Am. v. Shinseki*, 599 F.3d 654, 659 n.6 (D.C. Cir. 2010), the Court will analyze plaintiffs' claim under the APA rather than consider the extraordinary remedy of mandamus. *Hong v. Napolitano*, 2010 WL 2426000, at *5 (W.D. Wash. June 11, 2010).

In order for the Court to compel action on plaintiff's Form I-290B as a motion to reopen, it must first find that defendant had nondiscretionary or ministerial duty to treat Form I-290B as a motion to reopen rather than an appeal. Under USCIS regulations, both appeals and motions to reopen are filed on a Form I-290B, which is initially reviewed, in both instances, by the USCIS officer who made the decision being challenged, here, the TSC Director. 8 C.F.R. §§ 103.3(a)(2)(i)-(ii), 103.5(a)(1)(i)-(iii). As petitioners are asked to "check one box," a single Form I-290B is either an appeal under 8 C.F.R. § 103.3, or a motion under 8 C.F.R. § 103.5, but not both.

As defendant did not have a duty to treat plaintiff's Form I-290B as *both* a motion and an appeal, the Court must decide whether defendant had a nondiscretionary duty to treat plaintiffs' Form I-290B as a motion *rather* than as an appeal. Plaintiffs simply cannot identify any authority obliging defendant to treat it as a motion to reopen.[3] Although 8 C.F.R. § 103.5(a)(2)

---

[3] Plaintiff's citation to 8 C.F.R. § 103.5(a)(1), providing that a motion to reopen may be granted by the "official having jurisdiction," here, the TSC Director, is inapposite. (Pls.' Resp. to Def.'s Second Mot. to Dismiss at 3.) That regulation merely identifies the individual who may grant a motion to reopen once a Form I-290B has been designated as such. It provides no guidance as to

sets forth the requirements for a motion to reopen, *e.g.*, that it state new facts to be provided in the reopened proceeding, it does not go so far as to prescribe circumstances under which defendant must treat a Form I-290B as a motion rather than as an appeal. *See, e.g.*, *Ali v. Mukasey*, 2008 WL 682257, at *2 (W.D. Wash. Mar. 7, 2008) (finding that USCIS had mandatory duty to act on plaintiff's application where regulation stated that "'an applicant *shall* be notified of the decision of the director [on an application for adjustment of status] and, if the application is denied, the reasons for the denial.'") (citation omitted).

Certainly no such circumstances exist here, where LanceSoft's designation of its Form I-290B was, at best, ambiguous. On the Form, LanceSoft clearly marked the box indicating that it was filing an appeal (Def.'s First Mot. to Dismiss Ex. 6, at 1), which is especially significant given that LanceSoft had previously submitted a Form I-290B that indicated that it was a motion to reopen and that defendant in fact had granted this motion. (*Id.* Ex. 2, at 1.) And although LanceSoft requested that its petition be "reopened," it requested, in the same sentence, that its "Appeal to the Commissioner" be granted. (*Id.* Ex. 6, at 2.) Finally, as explained below, LanceSoft failed to submit the evidence required for a motion to reopen a petition denied due to abandonment. Under these circumstances, and in the absence of any authority to the contrary, it cannot be said that defendant had a nondiscretionary duty to treat LanceSoft's Form I-290B as a motion to reopen.

Moreover, even if defendant had a nondiscretionary duty to treat plaintiff's Form I-290B as a motion to reopen, the Court would not compel action under the APA because plaintiffs were not prejudiced by defendant's error. 5 U.S.C. § 706 ("In making the foregoing determinations . .

---

the initial determination of whether a Form I-290B should be treated as a motion to reopen or an appeal.

. due account shall be taken of the rule of prejudicial error."). Plaintiffs were not prejudiced by defendant's failure to treat their Form as a motion because they clearly failed to submit the evidence required for a motion to reopen a petition denied for abandonment.

USCIS regulations require that such a motion must be filed with evidence that the denial was in error because, *inter alia*,

> The request for additional information or appearance was sent to an address other than that on the application, petition, or notice of representation, or that the applicant or petitioner advised the Service, in writing, of a change of address or change of representation subsequent to filing and before the Service's request was sent, and the request did not go to the new address.

8 C.F.R. §103.5(a)(2)(iii). Along with its Form I-290B, LanceSoft submitted documentation that it had notified USCIS of its change in address and an affidavit of its receptionist stating that, as far as she could recollect, she had not opened mail from the TSC regarding plaintiff Mulla's petition in January 2008. However, the receptionist's inability to recollect receiving mail from the TSC is not the same as evidence that the TSC's January 3, 2008 request for evidence was not sent to LanceSoft's new address, particularly when the request included LanceSoft's new address as the mailing address. Thus, plaintiffs' submission would not have satisfied the requirements for a motion to reopen.

As it is clear that LanceSoft's Form I-290B would have been denied even if it had been treated as a motion to reopen, plaintiffs are not entitled to relief under § 706(1) of the APA. *PDK Laboratories Inc. v. U.S. Drug Enforcement Admin.*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("If the agency's mistake did not affect the outcome . . . it would be senseless to vacate and remand for reconsideration."). Accordingly, plaintiffs have failed to state a claim for unreasonable delay under §706(1) of the APA, or for mandamus under 28 U.S.C. § 1361.

## III.   ARBITRARY AND CAPRICIOUS CLAIM

Having determined that USCIS did not have a nondiscretionary duty to treat LanceSoft's Form I-290B as a motion to reopen rather than as an appeal, the Court must next determine whether the TSC Director acted arbitrarily and capriciously under § 701(a)(2) of the APA in his treatment of LanceSoft's appeal.  USCIS regulations require the Director to review the appeal, 8 C.F.R. § 103.3(a)(2)(i), and take action as follows:

>  (iii) Favorable action instead of forwarding appeal to AA[O]. The reviewing official shall decide whether or not favorable action is warranted. Within 45 days of receipt of the appeal, the reviewing official may treat the appeal as a motion to reopen or reconsider and take favorable action . . . .
>
> (iv) Forwarding appeal to AA[O]. If the reviewing official will not be taking favorable action or decides favorable action is not warranted, that official shall promptly forward the appeal and the related record of proceeding to the AA[O] in Washington, DC.

8 C.F.R. §103.3(a)(2).

Plaintiffs allege that the Director acted arbitrarily and capriciously by failing to explain his decision to forward LanceSoft's appeal to the AAO rather than exercise his discretion under 8 C.F.R. §103.3(a)(2)(iii) to treat it as a motion to reopen or reconsider and take favorable action.  Defendant argues that the Court lacks subject matter jurisdiction to review the Director's decision because it is committed by law to agency discretion, 5 U.S.C. § 701(a)(2), is non-final, *id.* § 704, and is shielded from judicial review by 8 U.S.C. § 1252(a)(2)(B)(ii).[4]   The Court

---

[4] 8 U.S.C. § 1252(a)(2)(B)(ii) states: "[n]otwithstanding any other provision of law (statutory or nonstatutory), . . . no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ."

9

agrees that it lacks jurisdiction to review the Director's decision under § 701(a)(2) of the APA.[5]

Although there is a presumption of reviewability of agency action, a "very narrow exception" exists when the action is "committed to agency discretion by law." *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 410 (1971). This exception applies when "the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Heckler v. Chaney*, 470 U.S. 821, 830 (1985); *see also Menkes v. Dep't of Homeland Sec.*, 486 F.3d 1307, 1311 (D.C. Cir. 2007) ("A matter is committed to agency discretion when there is a lack of judicially manageable standards to guide meaningful review.").

Plaintiffs cannot point to any standards that would guide the Court's review of the TSC Director's treatment of LanceSoft's Form I-290B. There appear to be no applicable statutory standards, and the regulation authorizing the TSC Director to treat an appeal as a motion to reopen or reconsider, 8 C.F.R. §103.3, does not constrain his discretion to choose to forward the appeal to the AAO. In stating that the reviewing official "may" treat the appeal as a motion and take favorable action, *id.* § 103.3(a)(2)(iii), the regulation confers unbridled discretion on the Director. *See Zhu v. Gonzales*, 411 F.3d 292, 296 (D.C. Cir. 2005) ("the 'usual presumption' is that 'may confers discretion'") (citation omitted). Furthermore, while the regulations constrain the Director's authority to treat an appeal as a motion (*e.g.*, he may only do so when taking favorable action), they do not constrain his authority to instead forward an appeal to the AAO, which is what the TSC Director did here. The regulations do not even sets forth standards as to when the Director ought to treat an appeal as a motion rather than forward it to the AAO.

---

[5] Therefore, the Court need not decide whether judicial review is precluded by 8 U.S.C. § 1252(a)(2)(B)(ii) or 5 U.S.C. § 704.

Indeed, the Director apparently need not do so even if he believes that favorable action on the appeal is warranted. This is suggested by the fact that the Director is to forward an appeal to the AAO either when he decides that favorable action is not warranted *or* if he will not be taking favorable action, *id.* § 103.3(a)(2)(iv), indicating that the two are not necessarily synonymous.

With no standards or constraints to guide the Court's review of the Director's actions, the Court concludes that his decision is committed to agency discretion by law, and the Court lacks jurisdiction to review it under the APA. *See Tamenut v. Mukasey*, 521 F.3d 1000 (8th Cir. 2008) (holding that in the absence of statutory or regulatory standards or constraints, the Board of Immigration Appeals' decision to reopen removal proceedings *sua sponte* was committed to agency discretion by law).

## CONCLUSION

For the foregoing reasons, the Court will grant defendant's Motion to Dismiss. Plaintiffs' claim to compel agency action under the Mandamus Act, 28 U.S.C. 1361, and APA, 5 U.S.C. § 706(1), will be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Their claim that the TSC Director acted arbitrarily and capriciously under the APA, 5 U.S.C. § 706(2)(A), will be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). An appropriate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: December 20, 2010